The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable James A. Connick presiding. This is our case 422-0045, Wood v. Hunt. For the appellant, would you please state your name for the record? Yes, Your Honor. Good afternoon, everybody. Council Court. Rob Hanauer for the appellant. Your audio is not very good. It's delayed. Can you all hear me now? Yes. That was clear. Okay. I apologize. I'm getting some delay too, and I've never had this problem on Zoom. Can everybody hear me now? Yes. Thank you. Ms. Singh for the appellant. Natasha Singh here for the appellant. Thank you. You may proceed, Mr. Hanauer. Do your honors. Thank you. Brief recitation of the facts in the case. So my client is a resident of California, formerly a resident of Illinois. She owned property with her husband in the properties located in San Bernardino, California. She ended up signing over the California equivalent of a quick claim deed or a deed of trust without a notary signature on it. She signed it under duress, gave it to her husband, knowing that there's a notary requirement and the notary wasn't there, so there was no chance that it would be notarized. Fast forward. A few put up as collateral for a business loan. Her ex-husband or husband still divorce proceedings pending in California right now. Her husband defaulted on some bank business loan. And she finds that is no longer, she's been divorced. The SAFQ branch in Morton, Illinois, and Judith Hunt, the defendants in this case, she notarized a signature without seeing my client personally appear in front of her. My client did file claims in her divorce case in California against SAFQ and Judith Hunt. The court in California did have cited that, entered judgment or ruled in favor of the defendants in this case, also the defendants in that case on the same cause of action, Illinois Notary Public Act violations on statute of limitations grounds. The case ended up getting dismissed as against SAFQ and Judith Hunt before a judgment was entered and then filed in Illinois. And there are a few issues that are raised and just that whole process raises, but they were filed in Illinois, same claims, same parties. And I know that we're already saying two of the three elements of res judicata, so I will put to bed the element, the third element, judgment on the merits. And there is no judgment on the merits in California, and I'll explain why. And I'm sorry if you guys, I'm currently under the weather, so if I sound hard to understand, I apologize. But basically, in the trial court that we're appealing from in Tazewell County, there were two motions filed. There was a motion to transfer events argued that venue should be in California and where the property that plaintiff was who. Now you're frozen, Mr. Hanauer, if you can hear us. Okay. Is everybody there? Can you hear me? Okay, I believe where I was when it left off and correct me if I'm wrong argued. I'm sorry. You're good. Go ahead. Okay, thank you. The motion to transfer venue in substance argued that because the property. That was the subject. Of the improper only proper in California, and they also they did make an argument. They are. I review their motion again because of a statement made in their brief that that we were a. An argument on jurisdiction venue. They said that jurisdiction is. A case in our. That venue may lie in more than one jurisdiction could tell be Lacey. That's an Illinois appellate court case. And in our position is that maybe jurisdiction would have been within a year. But Illinois. And then serve that argument. The argument that jurisdiction is improper in Illinois was not raised. In the motion to transfer venue now in the most. The dismiss, which was a separate motion. They filed and both were heard at the same time by the court. They did argue that jurisdiction did not exist in Illinois because of rescue Dakota, which they argue in their appellate and I make that reference because I want to put any claim that we waived an argument. The reality is the court in ruling on a motion to transfer venue impliedly ruled that jurisdiction exists because you cannot have jurisdiction. Have no jurisdiction and grant emotion to transfer venue. Because you only have jurisdiction to dismiss a case if you don't have subject matter jurisdiction in the first place. So by granting the motion to transfer venue. He is impliedly are admitting correctly that jurisdiction does exist. So with that, I'll get to the main points of our brief, which kind of mirror the appellate police brief in terms of venue. There are two different statutes in play here. There's the general statute on venue, which everybody knows about. Which basically the venue is proper or every action must be commenced in. And this is section 2101 of the code of civil procedure in the county in which the transaction or some part thereof, or some part thereof occurred out of which the cause of action arose and their appellate police brief is correct. It's broadly interpreted. So, you know, to figure out whether this is a motion to transfer for improper venue, not for non-convenience. And then they have to get into the argument of our form of choice and our right to have our claims adjudicated in our form of choice. But that's not what we're arguing here. That's not what was argued at the trial court. Maybe that's an argument for a different day, but we'd have to deal with it. Here, what we have is a cause of action based on the Illinois Notary Public Act, an Illinois statutory cause of action based on an act that occurred in Morton, Illinois at SEFCU, one of the defendant's branch offices in Morton, Illinois, in Tazewell County, by presumably an employee who was working in SEFCU in Morton, Illinois, Tazewell County, Illinois. So there can really be no question, frankly, that venue under Section 2101 of the Code of Civil Procedure is proper in Tazewell County. Quite frankly, I don't know how we got the ruling we did. I think the reason is because, and here we go into the next venue provision, the next venue provision, and this is the one that the appellees rely on, is that venue is any action, and this is really interesting, any action to title the real estate or to partition or recover possession thereof or to foreclose a mortgage or other lien thereon must be brought in the county in which the real estate or some part of it is situated. The statute here does not say relates to or relating to property. That's actually a fiction that's been created by the appellees in the trial court, and again in their brief in the appellate court here. Each action identified in 2103 has the property as the subject matter of the cause of action, and it makes sense because if you're going to have an action that deals with the rights of parties as to a parcel of real property, it should be where the recorder of deeds office is. Here the subject of the cause of action is not property. It's the improper notarial act. It doesn't matter whether it was for property or a power of attorney for health care or anything like that. The property is only relevant in the damage inquiry, but that's not a venue inquiry, and that's if we get to the damage question, which we have to prove causation at the trial level. But there's no action on the property in this case necessary for. There is no property necessary to cause the actual cause of action for a violation of the Illinois notary public. It is not one of the outlined or articulated causes of action that that require venue in the county in which the property is located. I want to ask you a question. If this all occurred in Illinois. I'm sorry your honor. If this all occurred in Illinois. And we were not dealing with California in any form. And we had the same set of facts. Would this notice this notary seal defeat your client's claim. The fact that it was done. I mean she admits she signed, but she didn't do it in front of the notary. What would happen correct your honor. I'm sorry, your honor. You could you hear my question. What. What did you say you're on. If this case was in Illinois and there was no California connection. What would the result be. If your client admitted signing. The form, but it wasn't signed in front of the notary. I think that there are still causation questions because the notarial field requires, among other things that the person. The person who was allegedly signing the document personally appeared before the notary. I think that know if there are any differences with respect to the way the law would view this. Well, if you don't. Why should it be different, because California is involved. If you say your cause is based upon this failure of your client to appear before that notary. I'm asking what happens. So, like this violation of the notarial act. Yet, your client admits that she signed it. Correct. Our position is that the notary public followed the requirements of that would not have been divested of her interest in the property. You think that would be the result in an Illinois court. I think that it's at least arguable your honor. This is a. Thank you. First case the first impression that I frankly have not seen in three. Okay, Council we're going to take, we're going to halt briefly and ask you to try to hear my answer your honor I apologize your answer. But I want you, we're going to pause and I want you to try to reconnect, because we don't want to lose any more of your argument sounds good. I think we've gotten the substance thus far, but it requires more time to decipher. And we don't want you to be disadvantaged so the bailiff will help you or show you or work with you so that you can reconnect. Thank you much. Proceed. Thank you. I believe this is a case of first impression from my research, I believe that the Apple he cited a district court case a federal district court case from a foreign jurisdiction. For the proposition that the notary's sole responsibility is to see that the signature is of the person who signed it. They purport to be. And while I recognize that I believe that there are all also other requirements that if they were met my client would not have been divested of her interest. Now there might be some possibly some contributory fault or, or the like, with respect to the fact that she signed it but the reality is that even though she signed it. If the notary public had followed the requirements of the notary public act, in that she would have required the person to appear and present some evidence by form of an ID or some other form of evidence that she was who she purported to be, then this would never have been notarized. Well, that's true, but she's not disputing that she signed it. She is not. Make your other points Mr Hanauer. That's fine. Thank you, Your Honor. With respect to the rest judicata claim. There are three requirements which I've already I articulated the final judgment on the merits rendered by a court of competent jurisdiction, and the other two with or there is no argument causes of that identity of parties or their privies here California does not treat judgments based on statutes of limitations of the judgment on the merits. We cited two cases mid century insurance and cook, but for the proposition that in California, they're treated as technical or procedural judgments, not on the merits of the underlying action under Illinois law for prospect fundings holdings LLC, the full faith and credit clause of the US Constitution provides the full faith and credit must be given to the judicial proceedings of every other state, a lawsuit, which has been pursued a judgment should be as conclusive and every other court, as it is in the court where judgment was entered here. I recognize that a judgment on the statute of limitations argument Illinois is treated as judgment on the merits, but in California does not. And there are, you know, probably. Like I said, there may be a claim that she was at least a part of the loss of her interest in the property, but not the sole loss of the sole cause. I still believe that there's an argument to be made that if the notary public had followed the prescriptions are set out in the Illinois notary public act, we would be just fine. Absent, you know, another procedural attack. But again, getting back to the main argument that we're dealing with here. The main argument is a motion to transfer venue was granted, and the motion to transfer venue was the only thing that the court that the trial court dealt with and venue here is appropriate in Tazewell County for a statutory cause of action based on an Illinois statute where the action that led to the lawsuit occurred in Illinois in Tazewell County. The fact that that damage calculations might take into consideration a marital settlement agreement or asset distribution in a divorce case in California does not mean that venue in Illinois in Tazewell County for a cause of action arising in Tazewell County, based on an Illinois statute is improper. And for those reasons, we, I'm not admitting or not denying that we have a tough road to hoe on causation, but at least she should be entitled to the right to fight that fight in court. For those reasons, and all the reasons can well and and in response to their, there are a few pages of the Applebee's brief dedicated to all these hypotheticals about whether she would have to disclose this in discovery in the divorce case any, any monetary award for violations of the notary public act in this case, or anything like that. Those are all red herrings because again, the argument that we're dealing with is the motion to transfer venue for improper venue. We're not talking about damages and what might or might not may need to be disclosed in a divorce case in California. And, and, you know, the, the Applebee's did not, did not ask the trial court to rule on their motion to dismiss. They did not appeal anything. So the only issue is whether the motion to transfer venue for improper venue was properly or improperly granted and in our, is our position respectfully that it was improperly granted because the proper stat venue provision in the code of civil procedure is set forth in section two one Oh one. And at two one Oh three does not say that anything where property is tangentially related. That's a venue where the property is located. That is not what that provision says and read that that takes a very, very broad and creative interpretation of that statutory provision to get there. That's all thank you very much for your time I apologize for the inconvenience that's always my fear when we're doing it via zoom I like the technological advances and as I'm under the weather it allows me to argue but that's always my fear that what happened today would happen. I'm sorry. No apology necessary counsel. We've had such problems as well on our court that did not relate to the litigants. Thank you. We'll hear from me on rebuttal missing. Good afternoon, your honors, may it please the court. As an initial matter. Opposing counsel mentioned that the, this is only emotion to transfer venue. The court can affirm on any grounds in the record, and while the trial court did not specifically rule on the motion to dismiss it did rule on one of the issues which is jurisdiction, and it explicitly found that jurisdiction jurisdiction rest in the divorce proceedings currently pending in California. As you've heard dealing with proximate causation damages, everything here is inextricably intertwined with plaintiffs interest in this marrow marital assets. The California family code governs the scope of jurisdiction related to issues to divorce issues and that jurisdiction is broad and far reaching divorce courts have jurisdiction to inquire into render any judgments make any orders regarding the settlement of property rights between a husband and a wife here. The cause of action clearly involves a settlement of property rights between plaintiff in her ex husband, her alleged damaged, is this potential loss in her interest in that property, therefore it falls within the jurisdiction of the divorce courts plaintiffs counsel to the trial court when the trial court asked why this shouldn't be dealt with in the divorce proceedings admitted that this property will have to fall within the family court bucket and need to be divvied up there. All these determinations of the valuing the property allocation of that property and in combination with the marital and community property between husband and wife will all have directly will directly impact this case. This is also consistent with Illinois law which recognizes the exclusive jurisdiction of divorce courts to hear issues to the exclusion of other courts, the Illinois courts find this important in proceedings such as divorce where there's a lot of interrelated damage on the divorce proceeding, the plaintiff has admitted that her damage if any is her loss of interest in the property. But when the trial court asked what are her damages right now plaintiff doesn't have an answer. There's, what are the damages it that necessarily is intertwined with the divorce proceeding damages, if any, will need to be measured against the value of the property and any allocation of community marital assets between husband and wife. The divorce proceeding, the divorce court hasn't even allocated or transfer the property yet to her ex husband. We, the divorce court might find that the deed is invalid and award plaintiff the property. None of these determinations have been made yet, and these determinations have to be made in the divorce proceeding. I don't really know that. Sorry, we don't know the things that you've just asserted are they part of the record. Um, as of when we filed the briefs do everything was still pending. And there was nothing had been transferred. As of the filing of the briefs. So you're asserting as an officer of the court that things are status quo at this point. I'm going well at the time of the filing of briefs anyway. Yes, going by what I've seen from the trial court level. I'm going by what I haven't been told otherwise, and plaintiff when they were asked at the trial court, what the damages were, there was at no point, have they brought up the fact that they've lost this property and brought in these damages. They still don't have an answer to what the damages are and so if the property had been transferred we'd have a clear picture of that. Thank you. On that note as well approximate causation is an issue that, as you noted, a notary's job is simply to authenticate that a signature is true or accurate which plaintiff repeatedly has admitted is her signature so whether defendants notarization is what necessarily also implicates her husband who's again intertwined with this divorce proceeding that underlines all of these issues. Do you have an answer to the question I asked about if this was an Illinois case. No connection is California. What's the result. When a notary does this, and yet the signal, the person that sign says yeah I signed that I just didn't go to the staff queue office and sign it in front of the notary. What would the result be. So, as opposing counsel mentioned this seems to be an issue of first impression but in a lot of case law that I've reviewed. If there was a case. I don't remember what district but it's in our brief that the same facts where the know where the plaintiff admitted that the signature was hers, and the court found that because she admitted that the signature was hers, there was no damages, there can't be any judgment against defendants, because that did approximately cause for damages. I don't know if the Illinois court would rule the same way, but if plaintiff admits is her signature approximate causation. The result would probably be the same. If defendants did not cause her injury, and especially if you bring in duress, then the Illinois court, I think would rule in our favor. But the Illinois corporate also have to wait, while the divorce proceedings were going on as a trial court noted to find out what the damages would be, to begin with. Okay, thank you. Regarding plaintiffs claims being barred by race judicata being barred by a prior judgment in California. Opposing Council does not are does not dispute that this involves the same parties, same cause of action. However, they allege that we, the court has to apply the race judicata effect of a sister court here, California, and the California does not does not state that a judgment on a statute of limitations is final for precedent ratio Dakota. And then they say a couple cases in support of that. Those cases do not state that those cases had unique facts for example in Coke and broad for the broad line enterprises. It plaintiffs filed a case in California court, which was dismissed on statute of limitations. The same plaintiffs then refiled a second cause of action a different California court, based on a new theory of liability, based on newly discovered facts. In those specific circumstances a court found that the prior judgment on a statute of limitations doesn't have a preclusive effect to a new cause of action with a new claim that it did not state that a judgment on the judgment on the statute of limitations is not a final judgment on the merits for issue Dakota. If the case involves the same exact cause of action as previously litigated. The second case also doesn't support that and dealt with the interpretation of a specific statute that's not involved here. So, even if we were to look at the sister court in California what they would do the policy considerations underlying ratio Dakota support a similar outcome. The rule proposed by plaintiff proposed promotes inefficiency and unfairness by putting the court and litigants through the cost and trouble of litigation going all the way to a bench trial getting an unfavorable outcome, and then be litigating the entire matter in a more favorable jurisdiction that has a longer statute of limitations plaintiff cannot do that plaintiff had an orderly process available to her to California, but chose to voluntary dismiss her claims against defendants and refile in a jurisdiction that has a longer statute of limitations and additional support for this can be found in the prohibition against claim splitting opposing counsel says this is not a case that involves claim splitting, but plaintiff originally filed these causes of action within her original claim against the lenders. She then later once when she got a final judgment by the court, she moved. She told the court that she settled with the lenders voluntary dismissed her claims against our clients and we filed in Illinois. That's exactly what claim splitting prohibits based on all these policies and the fact of the broad reach of the jurisdiction in California's divorce court. We believe that jurisdiction rests in California, and that plaintiffs cause of action is barred by the prior judgment. Unless your honors have any further questions we'll rest on our arguments in our briefs. I see no questions. Thank you for your argument. Thank you for an hour, you've got time and rebuttal. Thank you very briefly. I want to highlight that a few points. One, the damages in this case do not necessarily deal with the allocation of property now the allocation of property in a marital settlement agreement or a marital estate division of assets in California will possibly come into play in in assessing what our damages here but are here but to say that they all need to be in one courtroom to hash this out would be inaccurate. And, you know, the problem is, who knows when if ever that cause that that divorce is going to be done. Sadly, I'm sure we've all seen divorces that seem to never end with post judgment work. And my, my concern is that if she had waited, knowing that the notary the improper notary occurred when it did, if she had waited until the divorce occurred, she would have been filing. She would have been filing or complaint here in Illinois, alleging an improper notary, and having waited to know what our damages with particularity are. She would have been met with a motion to dismiss on statute of limitations grounds, because I believe, as we filed it we probably filed it a few months before the five year statute of limitations under Illinois law. So that's one point. You know, there are all also avenues to deal with everything in an in a way that facilitates judicial economy and respects the rights of litigants to have their day in court, especially when a statute of limitations allows for a cause of action to be pursued. And that would be a stay of the proceedings pending the ultimate outcome of whatever is going on in in California. And, and, and I will note that at least at the trial level, there were some motion, there was some motion practice in this case if I recall specifically, and then there were some actions taken in California. And then there was kind of, it was kind of in that pattern of holding to see what was happening in California already one. So it's not like it can't be done by either agreement or court order. And, and then I do want to note that, and I'm not. I'm not questioning the representations of counsel with respect to that property. Honestly, I don't know what the status of that property is in California. I do know that on page six of the appellees brief. They indicate that that Mr. Wood, my client's ex-husband or husband, depending on the status of that divorce case in California, used that interspousal transfer deed, the instrument at issue here, as security for a business loan from certain parties and was unable to pay the loan. And the lenders sought to foreclose on the property. Now, there was apparently a settlement with the lenders alleged in the facts of their case, and I don't have any reason to dispute any of that. But I'm just noting that that property might not be in the piggy bank, the marital piggy bank anymore for purposes of an asset distribution. Now, there are other ways, as we all know, to offset this by giving more property to the, you know, the other party, my client in this case, to offset the loss of that property and her interest in that property. But again, you know, that would be an offset to any damage claim that she would have against Seth Hugh or Judith Hunt. But she was kind of in a situation where she'd have to file her claim or risk losing it altogether on a statute of limitations in Illinois. And I know as an attorney, I don't want to have somebody, I don't want to file for somebody a day late. I'd rather be arguing this here in front of you than standing before a malpractice action. Those are really all of my arguments. I think that the parties adequately briefed everything, both in oral argument and in writing. And I just hope that you guys, your honors, look at the briefs and acknowledge that venue is proper in Tazewell County. Thank you very much. And if you have any questions, I'm willing to answer them. I have one. Yes, your honor. And I want to be sure I didn't miss it. Got most of what was said, but we did have some problems earlier. Did you address the idea that a foreign jurisdiction was first acquired in California? And basically the preference in Illinois case law that we prefer jurisdictions and motions for transfer of venue in the first acquired jurisdiction. Did you address that? You know, I don't know if I did. I think what I and maybe I did. I had I had. You know, I don't know if I did. I think what I said was question this way that you're familiar with case law to that effect. To the effect that we we defer to the first acquiring jurisdiction with respect to motions to dismiss. Most motions to transfer venue that there's a preference by Illinois courts that we go with the first acquired jurisdiction. Now, I understand that that line of case law, my my position is just that in the event that the first acquired jurisdiction has. Essentially ruled that it does not have jurisdiction, that it would be it would work an undue hardship on a party to follow that line of cases when it's it's it's not that you can't have the case heard in Illinois. So long as the rest judicata principles do not apply. Thank you. Thank you for your arguments. We'll take this matter under advisement.